UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GRAVES BROTHERS, INC.,

                              Plaintiff,        No. 06-CV-6394 CJS

-vs-

                                             DECISION AND ORDER

NATIONAL FIRE & MARINE COMPANY,

                              Defendant.

_____

APPEARANCES

| | |
|---|---|
| For plaintiff: | Gary J. O'Donnell, Esq.<br>Patrick B. Naylon, Esq.<br>Goldberg Segalla, LLP<br>2 State Street, Suite 805<br>Rochester, New York 14614-1342 |
| For defendant: | Anthony J. Piazza, Esq.<br>Hiscock & Barclay LLP<br>2000 HSBC Plaza<br>100 Chestnut Street<br>Rochester, New York 14604 |

INTRODUCTION

    This is a diversity action in which plaintiff Graves Brothers, Inc. ("plaintiff"), a construction contractor, is seeking, *inter alia*, a declaration that the defendant insurance company, National Fire & Marine Company ("defendant"), is, by the terms of a commercial general liability ("CGL") insurance policy which it issued, contractually obligated to defend and indemnify plaintiff in an underlying lawsuit.  Now before the Court is defendant's motion [#6] for judgment on the pleadings as to plaintiff's fifth cause of action.  For the reasons that follow, the application is granted.

1

BACKGROUND

In this action plaintiff claims to be entitled to a defense as an additional insured under the CGL policy issued by defendant. The underlying lawsuit arises from the extremely unfortunate death of roofing laborer, Troy Robertson ("Robertson"), who died as a result of a fall. In that regard, plaintiff was the general contractor on a renovation project in the City of Rochester, and Robertson's employer, Kevin VanVranken Contracting, Inc. ("VanVranken") was the roofing sub-contractor. While working on the subject property, Robertson slipped and fell, and subsequently died at the hospital from his injuries. Robertson's executrix subsequently sued plaintiff, VanVranken, and the property owner. VanVranken had purchased a CGL policy from defendant, in which plaintiff was listed as an additional insured. Within a few days after the accident, plaintiff requested that defendant provide a defense pursuant to the policy, but defendant disclaimed any duty to defend. After making several unsuccessful attempts to convince defendant that it was contractually obligated to provide a defense, plaintiff commenced the subject action.

The first four causes of action in plaintiff's complaint purport to state causes of action for: 1) a declaratory judgment that defendant has a duty to defend; 2) a declaratory judgment that defendant has a duty to indemnify; 3) breach of contract; and 4) a declaratory judgment that defendant is obligated to pay amounts in excess of the policy limits. The fifth cause of action, on the other hand, purports to state a claim for "insurer bad faith." More specifically, plaintiff alleges, in relevant part:

> Graves Brothers' repeated demands for National to comply with its contractual obligations as respects Mr. Robertson's accident, injuries, and lawsuit have been met with unjustifiable disclaimers based on frivolous

> grounds which evince either a profound ignorance, or an utter disregard, of the terms and meanings of National's own policy and long-standing New York law.
>
> \*\*\*
>
> National's response to Graves Brothers' coverage claim demonstrates a gross disregard of the interests of its additional insured and constitute a pattern of behavior showing a conscious or knowing indifference to the probability that Graves Brothers may be held personally accountable in the Robertson wrongful death action . . . .
>
> \*\*\*
>
> National's actions violate its obligation to act in good faith and constitute insurer bad faith.

(Complaint ¶ ¶ 81-83). This claim is pleaded separate and distinct from plaintiff's breach of contract claims. (*See*, Pl. Memo of Law [#13] p. 3) ("The facts supporting Graves Brothers' Bad Faith Claim are distinct from the facts supporting Graves Brothers' Breach of Contract Claims.")

Defendant contends that the fifth cause of action must be dismissed because the State of New York does not recognize an independent tort based upon insurer bad faith. Plaintiff, however, contends that the motion should be denied as premature, since a separate motion for partial summary judgment filed by plaintiff in this action is now pending before the Court, and the determination of that motion may render defendant's application moot.[1] Alternatively, plaintiff contends that its claim is actionable, because it is based not on the insurance contract, but on defendant's "conduct outside the contract but intended to defeat the contract." (Pl. Memo [#13] p. 4).

Counsel for the parties appeared before the undersigned for oral argument of the

---

[1] The Court is issuing a separate Decision and Order concerning that application which does not render the subject application moot.

3

motions on January 11, 2007.  The Court has now thoroughly considered the parties' submissions and the arguments of counsel.

## ANALYSIS

*Rule 12(c) Standard*

It is well settled that in determining a motion under Fed. R. Civ. P. 12(c),

> we apply the same standard as that applicable to a motion under Rule 12(b)(6). *See Ad-Hoc Comm. of Baruch Black and Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir.1987). Under that test, a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant; it should not dismiss the complaint " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Id*. (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957)).

*Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994).

At the outset, it appears clear that New York does not recognize an independent tort for insurer bad faith. For example, in *Core-Mark Int'l Corp. v. Commonwealth Ins. Co.*, No. 05 Civ. 183 (WHP), 2005 WL 1676704 (S.D.N.Y. Jul. 19, 2005), an insured asserted a claim for insurer bad faith against the insurer, alleging that the insurer's "actions constitute wrongful conduct that is 'outside' the Policy and is intended to defeat the Policy's provisions." *Id*. at *2.  The district court dismissed the claim, stating that "New York does not recognize the tort of bad faith denial of insurance coverage." *Id*. at *3; *see also, Continental Info. Sys. Corp. v. Federal Ins. Co.*, No. 02 Civ. 4168 (NRB), 2003 WL 145561 at *4 (S.D.N.Y. Jan. 17, 2003)("[W]hether based on a tort or a contract theory, we find that New York case law does not recognize a claim for extra-contractual damages predicated solely on bad faith denial of insurance

coverage.").

Plaintiff, however, quotes the case of *New York Univ. v. Continental Ins. Co.*, 87 N.Y.2d 308, 639 N.Y.S.2d 283, 287, 289 (1995), for the proposition that, "where a party engages in conduct outside the contract but intended to defeat the contract, its extraneous conduct may support an independent tort claim." (Pl. Memo [#13] at 4). Plaintiff, though, has taken this language from the *New York Univ.* case out of context, from a discussion involving the availability of punitive damages in an action for breach of contract. *New York Univ. v. Continental Ins. Co.*, 639 N.Y.S.2d at 287-88. Moreover, the Court of Appeals in that case proceeded to dismiss purported tort claims for insurer bad faith, finding them to be merely duplicative of the plaintiff's breach of contract claim:

> Plaintiff alleges in its second cause of action that defendants' actions in failing to adequately investigate, in denying payment of the claim, and in failing to renew the policy after assertion of the claim were "careless, negligent, reckless and vindictive" and violated the laws of this State. Plaintiff's claim amounts to nothing more than a claim based on the alleged breach of the implied covenant of good faith and fair dealing, and the use of familiar tort language in the pleading does not change the cause of action to a tort claim in the absence of an underlying tort duty sufficient to support a claim for punitive damages ( *see, Rocanova*, 83 N.Y.2d, at 614, 612 N.Y.S.2d 339, 634 N.E.2d 940, *supra*; *Clark-Fitzpatrick, Inc. v. Long Is. R.R. Co.*, 70 N.Y.2d 382, 389-390, 521 N.Y.S.2d 653, 516 N.E.2d 190). The cause of action is duplicative of the first cause of action for breach of contract and should have been dismissed ( *see, Apfel v. Prudential-Bache Sec.*, 183 A.D.2d 439, 583 N.Y.S.2d 386).

*Id*. at 289-90.

In the instant case, plaintiff does not attempt to identify any underlying tort duty separate from the contractual duties at issue. To the contrary, plaintiff's memorandum confirms that plaintiff's purported claim is merely duplicative of its breach of contract

claim:

> The facts discussed above reflect an insurer not acting in good faith in the writing and selling of its policies and in its evaluation and handling of an insured's coverage claims, at least where those claims carry the potential for substantial liability on the part of National. It is those facts, separate and distinct from National's coverage determinations, that give rise to Graves Brothers' claim that National has *breached its duty of good faith and fair dealing*.

(Pl. Memo [#13] p. 5) (emphasis added). Accordingly, the fifth cause of action must be dismissed. Moreover, while plaintiff alternatively requested leave to amend in the event that the Court agreed with defendant, the Court finds that such amendment would be futile, for the reasons explained above. Accordingly, the request to amend is denied.

## CONCLUSION

Defendant's application [#6] for partial judgment on the pleadings as to plaintiff's fifth cause of action is granted.

So Ordered.

Dated: Rochester, New York
     January 18, 2007

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge