UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GRAVES BROTHERS, INC.,

         Plaintiff,    No. 06-CV-6394 CJS

 -vs-

                 DECISION AND ORDER

NATIONAL FIRE & MARINE COMPANY,

         Defendant.

_____

APPEARANCES

| | |
|---|---|
| For plaintiff: | Gary J. O'Donnell, Esq. |
| | Patrick B. Naylon, Esq. |
| | Goldberg Segalla, LLP |
| | 2 State Street, Suite 805 |
| | Rochester, New York 14614-1342 |
| For defendant: | Anthony J. Piazza, Esq. |
| | Hiscock & Barclay LLP |
| | 2000 HSBC Plaza |
| | 100 Chestnut Street |
| | Rochester, New York 14604 |

INTRODUCTION

  This is a diversity action in which plaintiff Graves Brothers, Inc. ("plaintiff"), a construction contractor, is seeking, *inter alia*, a declaration that the defendant insurance company, National Fire & Marine Company ("defendant"), is, by the terms of a commercial general liability ("CGL") insurance policy which it issued, contractually obligated to defend and indemnify plaintiff in an underlying lawsuit. Now before the Court is plaintiff's motion [#10] for partial summary judgment on plaintiff's first and third causes of action, seeking a declaratory judgment that defendant is obligated to pay for

1

plaintiff's defense.  For the reasons that follow, the application is denied.

## BACKGROUND

The underlying lawsuit against plaintiff arises from the extremely unfortunate death of a roofing laborer, Troy Robertson ("Robertson"), who died as a result of a fall. In that regard, plaintiff was the general contractor on a renovation project for a building located at 1171 North Clinton Avenue in the City of Rochester, and Robertson's employer, Kevin VanVranken Contracting, Inc. ("VanVranken") was the roofing sub-contractor.  While working on the roof of the subject property, Robertson slipped and fell, and later died at the hospital from his injuries.  Robertson's executrix subsequently sued plaintiff, VanVranken, and the property owner, in New York State Supreme Court, Wayne County.  The complaint in the Supreme Court action ("the underlying action") alleges, in relevant part:

> On a date prior to March 8, 2004, Group 14621 Community Association, Inc. [the property owner], Graves Brothers Home Improvement, and Kevin VanVranken Contracting, Inc., entered into an agreement for the installation of a roof on premises located at 1171-1173 North Clinton Avenue, Rochester, New York.
> \*\*\*
> Upon information and belief, . . . Graves Brothers Home Improvement acted as the general contractor(s); and Kevin VanVranken Contracting, Inc., acted as the subcontractor . . . .
> \*\*\*
> At all times herein relevant, Troy Robertson, now deceased, was an employee of Kevin VanVranken Contracting, Inc. . . . .
> \*\*\*
> On or about March 8, 2004, Group 14621 Community Association, Inc. and/or Graves Brothers Home Improvement had general and primary charge, supervision, and control of the work being performed by Kevin VanVranken Contracting, Inc., during the course of the installation of [the]

> roof . . . .
>
> ***
>
> On or about March 8, 2004, [Robertson], while working in the course of his employment, and while working on the roof of the aforesaid premises, fell from a height and was caused to sustain fatal injuries.
>
> ***
>
> [Robertson's] injury was caused by defendants' violation of . . . laws, rules, regulations, and standards as well as by defendants' general common law negligence.

(Amended Complaint, Index No. 56424, *Bokalosky v. Group 14621 Community Association, Inc., et al*, ¶ ¶ 11-14, 16, 19).

Prior to the accident VanVranken had purchased a CGL policy from defendant, which policy listed "Graves Brothers LLC 755 North Winton Road" as an additional insured.[1] Within a few days after Robertson's death, plaintiff, through its own insurer, Harleysville Worcester Insurance Company ("Harleysville"), requested that defendant provide a defense pursuant to the policy, but defendant disclaimed any duty to defend. Defendant gave a total of five reasons for its decision, however, the parties agree that only two of those five are relevant to the instant motion. First, defendant stated that, according to the terms of the policy, its coverage was excess only, unless an insured had no other coverage, in which case defendant's coverage would be deemed primary.[2] In this regard, defendant indicated that because plaintiff had primary insurance coverage through Harleysville, plaintiff's coverage was excess and defendant had no

---

[1] The total premium was $28,800, which included $250 for the additional insured coverage for Graves Brothers.

[2] The other three reasons which defendant gave are: 1) the contract between Graves and VanVranken was not an "insured contract" under the policy; 2) to the extent that the underlying lawsuit alleged actual negligence by Graves, other than general supervision of VanVranken, there was no coverage; and 3) the policy's subcontractor exclusion excluded coverage.

duty to defend. As for the second reason given for its denial, defendant stated that plaintiff had already "elected" to have Harleysville defend the underlying lawsuit, which, according to the policy, excused defendant from providing a defense.

After making several unsuccessful attempts to convince defendant that it was contractually obligated to provide a defense, plaintiff commenced the subject action. The complaint purports to state causes of action for: 1) a declaratory judgment that defendant has a duty to defend; 2) a declaratory judgment that defendant has a duty to indemnify; 3) breach of contract; and 4) a declaratory judgment that defendant is obligated to pay amounts in excess of the policy limits; and 5) insurer bad faith.[3]

Plaintiff now seeks summary judgment on the first and third causes of action. In that regard, plaintiff contends that the policy covers the injuries alleged in the underlying complaint. Defendant, however, maintains that plaintiff has failed to show that the policy applies, for at least four reasons: 1) the policy purports to insure "Graves Brothers LLC," not Graves Brothers Incorporated; 2) the location where the accident occurred is not a location covered in the policy; 3) defendant's coverage is excess to Harleysville's coverage; and 4) plaintiff elected to have Harleysville defend the lawsuit.

Counsel for the parties appeared before the undersigned for oral argument of the motions on January 11, 2007. While it is not relevant to the merits of the subject motion, counsel noted that the trial of the underlying lawsuit is scheduled to begin next month in Wayne County Supreme Court, and that Harleysville will be providing plaintiff's defense. Defense counsel also stated that defendant would be providing a defense to

---

[3]By separate Decision and Order, the Court is granting defendant's motion to dismiss the fifth cause of action.

4

VanVranken, but did not believe that it would ultimately have a duty to indemnify its named insured. The Court has now thoroughly considered the parties' submissions and the arguments of counsel.

## ANALYSIS

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See, Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he movant must make a prima facie showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir. 1996)(*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)), *cert denied*, 517 U.S. 1190 (1996).

The burden then shifts to the non-moving party to demonstrate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To do this, the non-moving party must present evidence sufficient to support a jury verdict in its favor. *Anderson*, 477 U.S. at

249; *see also*, Fed. R. Civ. P. 56(e)("When a motion for summary judgment is made and supported as provided in this rule, and adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993). The parties may only carry their respective burdens by producing evidentiary proof in admissible form. Fed. R. Civ. P. 56(e). The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The issue before the Court is whether plaintiff has demonstrated that, as a matter of law, defendant was obligated to provide plaintiff with a defense in the underlying lawsuit. It is well settled that

> an insurer's duty to defend is much broader than the duty to indemnify and will arise whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy or where the insurer has actual knowledge of facts establishing a reasonable possibility of coverage.

*Durant v. North Country Adirondack Co-op. Ins. Co.*, 24 A.D.3d 1165, 1166, 807 N.Y.S.2d 427, 429 - 430 (3d Dept. 2005) (citations and internal quotation marks omitted); *see also, International Paper Co. v. Continental Cas. Co.*, 35 N.Y.2d 322, 326, 361 N.Y.S.2d 873, 876 (1974) ("An insurer's obligation to furnish its insured with a

defense is heavy indeed, and, of course, broader than its duty to pay."). Consequently, any insurer who seeks to avoid having to defend the insured "is obligated to demonstrate that *the allegations of the complaint* cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, *In toto*, are subject to no other interpretation." *International Paper Co. v. Continental Cas. Co.*, 35 N.Y.2d at 35, 361 N.Y.S.2d at 875 (emphasis added).

However, with regard to the subject motion, "[i]t is well established under New York law that a policyholder bears the burden of showing that the insurance contract covers the loss" in the first instance. *Morgan Stanley Group Inc. v. New England Ins. Co.*, 225 F.3d 270, 276 (2d Cir. 2000). As already discussed, defendant contends that plaintiff has failed to carry this burden for various reasons. Regardless of how the Court might rule on certain of these issues, summary judgment must be denied in any event, because there exists a triable issue of fact as to whether the subject policy covers the location of the job site where the fatal injury occurred. In that regard, the policy's Additional Insured endorsement states, in relevant part:

> Who is An Insured (Section II) is amended to include as an insured the person or organization (called "additional insured") shown in the Schedule but only with respect to liability arising out of:
>
> 1. Your ongoing *operations* performed for the additional insured(s) *at the location designated above*; or
>
> 2. Acts or omissions of the additional insured(s) in connection with their general supervision of *such operations*.

(CGL Policy, Pl. Rule 56.1 Stmt., Ex. E) (emphasis added). Thus, coverage for an

additional insured is expressly tied to operations performed at a designated location. The endorsement further states: "Location of Covered Operations[:] As per policy schedule." The policy, though, does not contain a separate schedule listing locations for plaintiff's operations.

Plaintiff's counsel contends that the "policy schedule" referred to is the policy's "Commerical General Liability Schedule," form A-3776a. (O'Donnell Reply Decl. [#19] Ex. I). Although that schedule contains no information regarding location, plaintiff's counsel nonetheless maintains that the schedule should be read as providing coverage to all of "VanVranken's construction-related operations," regardless of location. (Pl. Reply Memo [#20] p. 4). Defendant's counsel, on the other hand, argues that "the policy schedule does not list the accident site as a covered location, nor is there any evidence to suggest that the accident site was named (or even should have been named) as a covered location." (Def. Memo [#15] p. 5). For that matter, the policy does not expressly list any site as a covered location. Consequently, the parties disagree as to whether the policy is missing a term. Neither counsel has argued that the policy is ambiguous, nor has either submitted evidence to support such a view.[4]

---

[4] Under New York law, "[a]n ambiguity exists where the terms of an insurance contract could suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and *who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business*. Once a court concludes that an insurance provision is ambiguous, the court may accept any available extrinsic evidence to ascertain the meaning intended by the parties during the formation of the contract. If the extrinsic evidence does not yield a conclusive answer as to the parties' intent, a court may apply other rules of contract construction, including the rule of contra proferentem, which generally provides that where an insurer drafts a policy any ambiguity in the policy should be resolved in favor of the insured." *Morgan Stanley Group Inc. v. New England Ins. Co.*, 225 F.3d 270, 275-76 (2d Cir. 2000) (emphasis added; citations and internal quotations omitted); *see also, Parks Real Estate Purchasing Group v. St. Paul Fire and Marine Ins. Co.*, — F.3d — , 2006 WL 3848718 at *8 (2d Cir. Dec. 21, 2006) ("If the court concludes that an insurance policy is ambiguous, then the burden shifts to the insurer to prove that its interpretation is correct: if extrinsic evidence is available but inconclusive, the burden shifts at the trial stage. In the

It is a well-settled principle of New York law that a term missing from an insurance contract "cannot be supplied by the courts under the guise of construction or interpretation, their power being limited to giving effect only to the parties' expressed intent." *Sperling v. Great Am. Indem. Co.*, 7 N.Y.2d 442, 450, 199 N.Y.S.2d 465, 472 (1960) (citations omitted). The New York Court of Appeals recently reiterated this principle as follows:

> When interpreting contracts, we have repeatedly applied the familiar and eminently sensible proposition of law that, when parties set down their agreement in a clear, complete document, their writing should be enforced according to its terms.
> 
> \*\*\*
> 
> In such circumstances, courts should be extremely reluctant to interpret an agreement as impliedly stating something which the parties have neglected to specifically include. Hence, courts may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing.

*Vermont Teddy Bear Co., Inc. v. 538 Madison Realty Co.*, 1 N.Y.3d 470, 475 (2004) (citations and internal quotation marks omitted). Applying these principles to the instant case, the Court finds that there exists an issue of fact concerning the "Location of Covered Operations" described in the policy's Additional Insured endorsement. That is, there is an issue of fact as to whether the subject policy was intended to cover all of VanVranken's operations without regard to the locations of specific job sites, as plaintiff

---

absence of extrinsic evidence, the burden shifts to the insurer at the summary judgment stage. Thus, if the extrinsic evidence does not yield a conclusive answer as to the parties' intent,' a court may apply other rules of contract construction, including the rule of contra proferentem . . . . ") (citations and internal quotation marks omitted).

contends, or whether the policy is missing a term concerning the location of covered operations, as defendant maintains. Since the Court cannot resolve disputed issues of fact on a summary judgment motion, the application must be denied.

## CONCLUSION

Defendant's application [#10] for partial summary judgment on plaintiff's first and third causes of action is denied.

So Ordered.

Dated: Rochester, New York
     January 23, 2007

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge